ANDRÉU, AGUILAR & Co., INC., Plaintiff and Appellant, *v.* MUNICIPALITY OF SAN JUAN, Defendant and Appellee.

No. 5191. Argued June 6, 1930.—Decided August 1, 1930.

M. *Cruz Horta* for appellant.   R. *Cuevas Zequeira* and E. *Font Suárez* for appellee.

Mᴿ. Jᴜsᴛɪᴄᴇ Hᴜᴛᴄʜɪsᴏɴ delivered the opinion of the Court.

On July 6, 1929, the Municipal Assembly of San Juan passed an ordinance wherein, after setting forth a state of things said to constitute a serious menace to the health of the community, it declared the existence of an emergency, and authorized the mayor to purchase fifteen motor trucks, in accordance with the terms, conditions, and specifications of the said ordinance, and without the formality of calling for bids.

On August 1, Andréu, Aguilar & Co., Inc. applied for an injunction, and the district court issued an order to show cause why a temporary injunction should not be granted.

On August 5, plaintiff filed an amended complaint.

Defendant answered and demurred on August 12. On August 26, the district court sustained the demurrers for want of facts sufficient to constitute a cause of action, and refused to issue the temporary writ. No appeal was taken from this ruling.

On August 29, plaintiff filed a second amended complaint, and moved for another order to show cause why a temporary injunction should not be granted.

On September 5, the municipality again appeared and, in response to the second order to show cause, again demurred for want of facts sufficient to constitute a cause of action, and moved for a dismissal of the second amended complaint on the ground that the action authorized by the ordinance in question had been already taken, inasmuch as the mayor had executed a contract with the West Indies Motor Corporation for the purchase of the trucks referred to in the said ordinance, some of which had been delivered to the municipality.

At the hearing plaintiff called the mayor as a witness. He testified that four trucks had been delivered to the municipality; that several days after the refusal of the court to grant a temporary injunction, and after an interview with the governor, witness had received four of the trucks referred to in the ordinance; that witness received these trucks on August 28, at half past five in the afternoon, after placing in the hands of the president of the West Indies Motor Corporation an order in writing signed by the mayor and by the director of charities; that witness saw the trucks and in his presence instructions were given for delivery thereof immediately on completion of the bodies which were then being made.

This witness also described the unsanitary conditions existing at the time the ordinance was passed, and at the time of the hearing. His testimony tends to show that figures submitted by Andréu, Aguilar & Company, Inc., on the day when the order to the West Indies Motor Corporation was signed, were incorrect, and that the municipality did not lose anything through the transaction.

Plaintiff appeals from a judgment of dismissal.

Section 1353 of the Civil Code provides that:

''The sale shall be perfected between vendor and vendee and shall be binding on both of them, if they have agreed upon the thing which is the object of the contract and upon the price, even when neither has been delivered.''

As a general rule, even as between vendor and vendee, title does not pass before delivery of the thing sold. Nevertheless, the title may pass without actual delivery if that be clearly the intention of the parties.

The vendor and the mayor made hay while the sun was shining. The vendor received an order in writing for the fifteen trucks. The mayor saw four of them without the bodies, which were then being made. He accepted these four without reservation of any right as to further examination. The vendor gave orders for immediate delivery of the four on completion of the bodies and promised to cable at once an order for the shipment of the other eleven. Both vendor and vendee clearly intended to do all that could be done toward closing the transaction. They intended at least to effect a constructive delivery of the four trucks, and to vest the title thereto in the municipality. In this they succeeded. Indeed, in so far as the present litigation is concerned, the matter may be regarded as a closed incident.

In all human probability, if the judgment appealed from should be reversed a third order to show cause why an interlocutory injunction should not be granted would be met by a showing that the eleven trucks have now been delivered, or the same fact would be brought out at a hearing on the merits. We need not, however, rest our decision on any such speculative basis.

There was nothing to show fraud or bad faith nor actual prejudice to the public interest. On the contrary, the mayor is shown to have been acting in good faith in conjunction with the Governor and with the Auditor of Puerto Rico, and in the interest of the public welfare without any actual financial loss by the municipality.

The issuance of either an interlocutory or of a permanent

injunction would have created confusion, would have given rise to doubtful and embarrassing questions of law, and would have involved the municipality in a serious controversy, if not an expensive litigation with the vendor of the trucks. It would have prolonged indefinitely the intolerable situation due to the constantly increasing accumulation of garbage and filth. It would have caused great hardship and inconvenience without actual benefit to the public interest or to anyone other than plaintiff, and to plaintiff only in the event that plaintiff should prove to be the successful bidder for the privilege of supplying the garbage trucks needed. It would have been unjust, oppressive, and inequitable.

The district court did not err in refusing to grant an interlocutory injunction, nor in dismissing the complaint.

Appellant submits, however, that:

"The district court erred in deciding the case by applying maxims or precepts which do not exist in our statutes nor have the force of law in Puerto Rico, calling itself a court of equity and making reference to certain principles contained in that legal body of the English common law called 'Equity Jurisprudence' which are not in force in Puerto Rico."

In the granting of injunctions the courts of this island are governed by the general rules and principles of equity practice. In the case at bar at least, there is no conflict between such practice and section 83 of the Municipal Law (Session Laws 1928, pp. 334, 398).

The district judge fully concurred in the view taken by the municipal assembly as to the existence of an emergency. Aside from any question as to the power of review, he found that an emergency existed. A majority of this court agree with the district judge. It follows that the ordinance was valid and plaintiff has no cause of action. In view of the conclusions already reached we do not deem it necessary to elaborate this aspect of the case nor to discuss other questions raised by the assignment of errors.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the final decision of this case; but he participated in the discussion thereof in conference and concurred with Mr. Justice Wolf and Mr. Justice Aldrey as to the existence of the emergency.